UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

U.S. BANK, NATIONAL ASSOCIATION, et al.,

    Plaintiff,

    v.

RAMIREZ, et al.,

    Defendants.

    _____/

No. C 12-1930 PJH

**ORDER REMANDING CASE**

Defendant Jose Boustaman ("Boustaman") removed this action from the Superior Court of California, County of Alameda, on April 18, 2012, alleging federal question jurisdiction. Boustaman also seeks leave to proceed in forma pauperis.

This is an unlawful detainer action brought by U.S. Bank, National Association, as successor trustee to Bank of America, N.A., as successor by merger to Lasalle Bank N.A., as trustee for First Franklin Mortgage Loan Trust, Mortgage Loan asset-based certificates series 2007-FF2 ("U.S. Bank") against defendants Jaime Ramirez, Amparo J. Ramirez, Helen Boustaman[1], and Does 1-25 ("defendants"), following a foreclosure sale of a residential property previously rented by defendants. The court has reviewed the notice of removal and the state court complaint, and finds that the case must be remanded for lack of subject matter jurisdiction.

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R.,

---

[1] The status of Jose Boustaman is slightly unclear. He was not named as a defendant in the original complaint, but he filed a motion (making a "special appearance" pro se) to quash service of the summons. The state court denied the motion, and ordered "Defendant Jose Boustaman" to file an answer, even though it does not appear that Boustaman was ever actually added as a defendant.

1  868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which
2  the Constitution and Congress authorize them to adjudicate – those involving diversity of
3  citizenship or a federal question, or those to which the United States is a party.
4  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Federal courts
5  have no power to consider claims for which they lack subject-matter jurisdiction. Chen-
6  Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992).

7  A defendant may remove a civil action filed in state court if the action could have
8  originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are
9  construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v.
10 Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co.,
11 319 F.3d 1089, 1090 (9th Cir. 2003).

12 The burden of establishing federal jurisdiction for purposes of removal is on the party
13 seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The
14 district court must remand the case if it appears before final judgment that the court lacks
15 subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker
16 Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

17 Subject matter jurisdiction is determined from the face of the complaint. Toumajian
18 v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal
19 question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams,
20 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly
21 pleaded complaint). Federal question jurisdiction may not raised in a defense or
22 counterclaim. See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

23 The complaint at issue was filed in Alameda County Superior Court on November
24 16, 2011, by plaintiff U.S. Bank. The complaint alleges a single cause of action under state
25 law, for unlawful detainer to recover possession of property. A copy of the Trustee's Deed
26 Upon Sale is attached as an exhibit to the complaint. The complaint asserts that following
27 the sale, defendant remained in possession of the premises without U.S. Bank's
28 permission. The complaint alleges that on August 5, 2011, U.S. Bank's agent served

defendants with a ninety-day notice to vacate the property, and that as of the date the complaint was filed, defendant remained in possession of the property.

The notice of removal alleges no facts from which the court could determine that it has federal question jurisdiction under 28 U.S.C. § 1331. Boustaman, the removing party, asserts the jurisdiction is proper under the laws of the United States, based on alleged violations of his rights under federal law. He alleges that he is a tenant at the property in question, and that in seeking to evict him, plaintiff has failed to comply with provisions of the federal Helping Families Save Their Homes Act of 2009.

However, while Boustaman purported to remove the action under federal question jurisdiction by asserting that he has claims or defenses based on federal law, the complaint itself does not raise any federal statutory or constitutional provision as the basis for the unlawful detainer action. Rather, the complaint alleges only a single claim under California Code of Civil Procedure § 1161a. As no federal question is raised on the face of the complaint, there is no federal question jurisdiction.

Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy is under $75,000.00. The complaint specifies on the caption page that the demand is "less than $10,000.00." The complaint seeks restitution of the premises, damages in the amount of daily rent for each day that defendant occupies the premises from the expiration of the notice to quit through entry of judgment, and costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the daily rent that U.S. Bank is seeking in damages. Based on the face of the complaint, there is no basis for finding that damages will exceed $75,000.

Accordingly, as the court lacks subject matter jurisdiction, the action is hereby REMANDED to the Alameda County Superior Court.[2] Defendant's application to proceed in forma pauperis is DENIED as moot.

---

[2] The court also finds that the case was improperly removed, as all of the defendants who were served did not join in the notice of removal. See 28 U.S.C. 1446(b)(2)(A).

**IT IS SO ORDERED.**

Dated: July 13, 2012

PHYLLIS J. HAMILTON
United States District Judge